Justice GINSBURG,
with whom Justice THOMAS joins, concurring.
I join in full the Court’s opinion, which cogently applies long prevailing doctrine. I write only to flag a larger question that bears fresh examination in an appropriate case. The double jeopardy proscription is intended to shield individuals from the harassment of multiple prosecutions for the same misconduct. Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Current “separate sovereigns” doctrine hardly serves that objective. States and Nation are “kindred systems,” yet “parts of ONE WHOLE.” The Federalist No. 82, p. 245 (J. Hopkins ed., 2d ed. 1802) (reprint 2008). Within that whole is it not “an affront to human dignity,” Abbate v. United States, 359 U.S. 187, 203, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) (Black, J,, dissenting), “inconsistent with the spirit of [our] Bill of Rights,” Developments in the Law—Criminal Conspiracy, 72 Harv. L. Rev. 920, 968 (1959), to try or punish a person twice for the same offense? Several jurists and commentators have suggested that the question should be answered with a resounding yes: Ordinarily, a final judgment in a criminal case, just as a final judgment in a civil case, should preclude renewal of the fray anyplace in the Nation. See Bartkus v. Illinois, 359 U.S. 121, 150, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) (Black, J., dissenting); United States v. All Assets of G.P.S. Automotive Corp., 66 F.3d 483 (C.A.2 1995) (Calabresi, J.); Franck, An International Lawyer Looks at the Bartkus Rule, 34 N.Y.U. L. Rev. 1096 (1959); Grant, Successive Prosecutions by State and Nation: Common Law and British Empire Comparisons, 4 UCLA L. Rev. 1 (1956); Grant, The Lanza Rule of Successive Prosecutions, 32 Colum. L. Rev. 1309 (1932). See also 6 W. La-Fave, J. Israel, N. King, & O. Kerr, Criminal Procedure § 25.5(a), p. 851 (4th ed. 2015) (“Criticism of Abbate [⅛ separate sovereign exception] intensified after the Supreme Court held that the Double Jeopardy Clause of the Fifth Amendment was also applicable to the states .... ” (citing, inter alia, Braun, Praying to False Sovereigns: The Rule Permitting Successive Prosecutions in the Age of Cooperative Federalism, 20 Am. J. Crim. L. 1 (1992))). The matter warrants attention in a future case in which a defendant faces successive prosecutions by parts of the whole USA.